UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

JOANNA VESUVIO,

        Plaintiff,

vs.

NCL (BAHAMAS) LTD., A BERMUDA COMPANY d/b/a NORWEGIAN CRUISE LINE, a foreign corporation,

        Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JOANNA VESUVIO, sues the Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY d/b/a NORWEGIAN CRUISE LINE, a foreign corporation (hereinafter referred to as "NORWEGIAN CRUISE LINE"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action in excess of this Court's minimum jurisdictional limits, to wit: Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. At all material times, Plaintiff, JOANNA VESUVIO, was and is a resident of New York and otherwise *sui juris*.

3. At all material times, Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, was and is a Foreign Corporation engaged in the business of selling cruises and operating cruise ships within the United States of America, including the state of Florida.

4. At all material times, Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, maintained its principal office for the regular transaction of its business at 7665 Corporate Center Drive, Miami, Florida, 33126.

1

5. Jurisdiction is proper in this Court pursuant to Federal Rule of Civil Procedure 9(h). This claim is maintained under the general maritime law of the United States. In the alternative, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy, without interest and costs, exceeds $75,000.00 and the Plaintiff is a citizen of New York and the Defendant is a Bermuda corporation with its principle place of business in Miami, Florida.

6. Venue is proper in this court both because the Defendant maintains office(s) for the transaction of its business in Miami-Dade County, Florida, and pursuant to a forum selection clause in the Defendant's Cruise/Cruise Tour Ticket Contract that requires all lawsuits between a passenger and the Defendant(s) cruise ship carrier to be brought before a Federal Court located in the Southern District of Florida.

## FACTS COMMON TO ALL CLAIMS

7. At all material times, the Defendant operated the subject vessel, *Gem,* which departed from Port in New York.

8. As part of its regular business, Defendant, NORWEGIAN CRUISE LINE, booked, arranged, and sold cruises to patrons like the Plaintiff and provided them with transportation, food, entertainment, and lodging on the *Gem* and other vessels.

9. On or about August 20, 2016, the Plaintiff, JOANNA VESUVIO, embarked upon the vessel, *Gem,* as a paying passenger for a cruise operated and sold by Defendant, NORWEGIAN CRUISE LINE.

10. On or about August 20, 2016, at 10:00 p.m., the Plaintiff, JOANNA VESUVIO, was on the ramp to the bathroom at or near the 12th floor near the *Pool deck* aboard the *Gem,* when she slipped, tripped and fell on a dangerous, hazardous ramp in an area of the pool deck that was not properly constructed, maintained and cleaned, severely injuring herself.

2

11. At all material times, Defendant, NORWEGIAN CRUISE LINE, by and through its agents employees and/or crew, maintained and controlled the subject vessel, *Gem*, including the area where the Plaintiff, JOANNA VESUVIO, was injured.

12. At all material times, agents, crew and/or employees of Defendant, NORWEGIAN CRUISE LINE, had knowledge, actual or constructive, of the dangerous and hazardous nature of the area in which the Plaintiff fell.

13. At all material times, agents, upon information or belief, crew and/or employees of Defendant, NORWEGIAN CRUISE LINE, had knowledge, that the area in which the Plaintiff fell routinely accumulated transient substances including but not limited to water.

14. At all material times, agents, upon information or belief, crew and/or employees of Defendant, NORWEGIAN CRUISE LINE, caused the area in which the Plaintiff fell to accumulate transient substances including but not limited to water.

15. At all material times, agents, upon information or belief, had knowledge, that the area in which the Plaintiff fell had accumulation of transient substances including but not limited to water and that the crew and/or employees of Defendant, NORWEGIAN CRUISE LINE had actual knowledge that said transient substance existed at the subject area prior to and at all times leading up to the time when plaintiff's fall occurred.

16. At all material times, agents, upon information and or belief, had knowledge, that the area in which the Plaintiff fell had an accumulation of transient substances including but not limited to water and that the said transient substance existed at for such a period of time that the crew and/or employees of Defendant, NORWEGIAN CRUISE LINE had constructive knowledge that said transient substance existed at the subject area prior to and at all times leading up to the time when plaintiff's fall occurred.

17. At all material times, agents, crew and/or employees of Defendant, NORWEGIAN CRUISE LINE, had knowledge, of the dangerous and hazardous nature of the subject transient substance.

18. At all material times, agents, upon information or belief, crew and/or employees of Defendant, NORWEGIAN CRUISE LINE, had knowledge that hazardous transient substances existed were present in area of the pool deck in which the Plaintiff fell.

19. At all material times, agents, crew and/or employees of Defendant, NORWEGIAN CRUISE LINE, knew or should have known that allowing the dangerous and hazardous condition to remain on its ship in an area frequently used by its passengers posed a significant danger to them.

20. At all material times, Defendant, NORWEGIAN CRUISE LINE, had a duty to warn its passengers, including the Plaintiff, JOANNA VESUVIO, of that danger and to take all reasonable steps to correct it.

## COUNT I

## NEGLIGENCE AGAINST DEFENDANT

The Plaintiff adopts and re-alleges Paragraphs 1 through 14, and further alleges:

21. At all material times, Defendant, NORWEGIAN CRUISE LINE, knew or should have known of the presence of the dangerous and/or hazardous condition at the pool deck on its vessel and further knew that passengers on the *Gem*, including the Plaintiff, would use the subject ramp to the bathroom on the pool deck.

22. At all material times, Defendant, NORWEGIAN CRUISE LINE, owed a duty to the Plaintiff to maintain, operate and control its vessel in a reasonably safe condition, and to warn

4

its passengers of any unsafe conditions existing upon the vessel which the Defendant knew, or by the exercise of reasonable care should have known, existed.

23. At all material times, Defendant, NORWEGIAN CRUISE LINE, further owed a duty to the Plaintiff, JOANNA VESUVIO, to maintain a reasonably safe means of traversing the subject ramp aboard the vessel.

24. Notwithstanding these duties, Defendant, NORWEGIAN CRUISE LINE, by and through the acts and omissions of its employees, agents, crew and/or servants, breached its duty of care to the Plaintiff and was negligent in one or more of the following ways:

   a. Failing to maintain the vessel in a reasonably safe condition; and/or

   b. Failing to warn the Plaintiff of an unsafe condition existing upon the vessel which the Defendant or its agents knew or should have known of; and/or

   c. Failing to take adequate steps or measures to correct the unsafe condition which the Defendant or its agents knew or should have known of; and/or

   d. Failing to maintain a safe means of ingress and egress for its passengers where the incident occurred at the subject ramp; and/or

   e. Failing to provide the necessary precautions and/or warnings in order to protect persons from slipping, tripping and falling at the subject ramp; and/or

   f. Creating an unsafe condition on the vessel in the subject area; and/or

   g. Failing to have adequate procedures in place for the inspection and maintenance of the subject ramp and, in particular, the area were the incident occurred with the subject ramp; and/or

   h. Failing to protect its passengers from known dangers; and/or

5

i. Failing to provide their passengers with a safe means of walking through the area where the incident occurred; and/or

j. Negligently and carelessly failed to maintain the flooring on the subject ramp; and/or

k. Negligently and carelessly failed to utilize skid resistant or other appropriate flooring upon the subject ramp; and/or

l. Negligently and carelessly failed to provide adequate and/or proper lighting in the subject ramp; and/or

m. Defendant negligently configured and/or designed and/or maintained the lights in the subject pool deck so as to unreasonably fail to give warning of the condition of the flooring in the area of Plaintiff's accident; and/or

n. Defendant negligently configured and/or designed its ship so as to unreasonably obstruct its customers' view of the flooring in the area of Plaintiff's accident; and/or

n. Defendant negligently failed to properly clear areas of dirt, debris, water, liquid, liquid, soap, polish, wax and other slippery substances; and/or

o. Defendant negligently created and/or allowed a damaged, defective, unsafe and/or improper drainage system to develop and exist at the time and aforementioned place; and/or

p. Defendant negligently created and/or allowed a damaged, defective, unsafe and/or improper drainage system to develop and exist at the time and aforementioned place; and/or

q. Defendant negligently created and/or allowed slippery floors, wet floors, to develop and exist at the time and the place aforementioned; and/or

r. Defendant negligently allowing liquid to remain on the floor at the subject premises; and/or

6

s.  Defendant was otherwise negligent at the time and place complained of.

25. As a direct and proximate result of the Defendant's negligence, as hereinabove alleged, the Plaintiff, JOANNA VESUVIO, slipped, tripped and fell suffering bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings and future earning capacity, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These losses are either permanent and/or continuing in their nature, and Plaintiff, JOANNA VESUVIO, will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, JOANNA VESUVIO, demands judgment against the Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, for damages in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. Plaintiff further demands trial by jury of all issues so triable as of right.

Dated this 18th day of January, 2017.

**SALENGER, SACK, KIMMEL & BAVARO**
Attorneys for Plaintiffs
180 Froehlich Farm Blvd.
Woodbury, New York 11797
(516) 677-0100

By: s/Benjamin Salk
**Benjamin Salk**, Esq.
Florida Bar No.:57034